JOHN SHELLMAN, TRUSTEE, AND ELIZA C. & ROBERT H, PET-
TIGREW, COMPL'TS, AND BENJAMIN F. SCOTT, DEF'T.

## In Equity.

A Bond was made payable at a distant day, with lawful interest payable *annually*, to secure
which, a mortgage was given with a proviso, that in default of payment of the principal sum,
or the interest, at any time when the same should become due, it should be lawful to fore-
close the same : *held*, that the mortgagee had the right, from the contract of the parties, to
foreclose the mortgage, and collect the whole debt, principal and interest, on the failure of
the mortgagor to pay the first year's interest when it became due.

An injunction may be retained under the special circumstances of the case, though the defendant
has filed his answer, fully denying the equity set up by the bill.

### By LAW, Judge.

THIS is an application to dissolve an injunction upon the coming
in of the defendant's answer.

The object of the bill was to restrain the defendant from pro-
ceeding upon the foreclosure of a mortgage on personal property.
The mortgage was foreclosed for the whole debt, principal and in-
terest ; and it is now urged against the motion to dissolve, that the
principal is not yet due, and that the right to foreclosure and to
collect the whole debt did not accrue upon a default to pay one in-
stalment of interest due. This depends upon the construction to
be given to the following provision in the mortgage, viz : " and if
default shall be made in the payment of the principal sum afore-
said, or in the payment of interest at any time when the same shall
become due, then in any such case, upon any such default, it shall
and may be lawful to and for the said *Benjamin F. Scott*, his heirs
&c. to grant, sell, &c." The bond to secure which the mortgage
was given, was payable in 1836, with lawful interest payable an-
nually. But these parties were capable of making their own con-
tract, and affixing such conditions as they thought proper. They
have expressly declared in this instance, that upon failure to pay

any instalment of interest when due, it shall be lawful for the mortgagee to foreclose, &c. It is manifest that by the agreement of the parties themselves, upon default to pay the interest due, the principal debt became due, and consequently that the right exists to collect the whole debt.[*]

Is is further objected that the answer in this case, is not such a denial of the whole equity of the bill, as will authorise this motion. The general rule, that an injunction is to be dissolved when an answer comes in and denies all the equity of the bill, is too well understood to require affirmance, and yet, even to this, there are exceptions; for in particular cases the Court will continue an injunction, though the defendant has fully answered the equity set up, (2 *John.* Ch. Rep. 105. *Wyatt's P. R.* 236. 2 *Ves.* 19.) In the former of which cases the Chancellor says, the granting and continuing ot the process, must always rest in the sound discretion, to *be governed by the nature of the case.* The undenied fact in this case, that two of the negroes for whom the debt was incurred, are so diseased as greatly to impair the real value; the expression of the defenant's belief and opinion in one case, that derangement was feigned, and the omission wholly in the other to communicate the existence of a disease which could not be detected, which greatly reduces the value, and from which I apprehend there is seldom an entire recovery, present a case in which I think the complainants entitled to the interposition of this Court, until they can have a hearing upon the merits. The defendant acquits himself in his answer of all intentional and designed concealment, but legal consequences may notwithstanding attach. I design to communicate no opinion upon the merits, further than may be absolutely necessary to disclose the ground upon which the injunction is continued. The motion is refused, and the injunction is contin-

---

[*] See *Goodtitle* vs. *Notitle*, (11 Moore, 491. 22 En. Com. Law, Rep. 420.) *James vs. Thomas*, (5 Barn. & Adol. 40. 27 En. Com. Law, Rep. 26.)—(*Ed.*)

ued, with the intimation to the plaintiffs that they must speed the cause and bring it to a hearing at the next term.

Injunction continued.

M. H. McALLISTER & R. R. CUYLER, for compl'ts—WM. W. GORDON, for def't.